

100 Galleria Parkway
Suite 1600
Atlanta, GA  30339-5948

Tel: 770.818.0000

www.fmglaw.com

Brian Goldberg

D: 678.996.9140
C: 770.354.2100

Brian.Goldberg@fmglaw.com

# EXHIBIT 5

October 2, 2023

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
**AND FIRST-CLASS MAIL U.S.P.S.**

Constantine Angus
2128 East Main Street
Snellville, GA 30078

**CERTIFIED MAIL ARTICLE**
**9589071052701327316581**

RE:    **Secured Creditor:**    CWS Investments, Inc.
       **Secured Property:**   2128 Main Street East, Snellville, GA 30078
       **Our File Number:**   18278-108343

RE:    Security Deed recorded at Deed Book 47597, Page 348 of the Georgia Deed Records of the Superior Court in the County of Gwinnett, said deed originally executed by Constantine Angus in favor of Mortgage Electronic Registration Systems, Inc. as Nominee for Home America Mortgage, Inc. to secure a Note in the original principal amount of $46,950.00, last assigned to CWS Investments, Inc.

Dear Constantine Angus:

    By letter dated October 2, 2023, ("Initial Communication Letter") I notified you that CWS Investments, Inc. had retained this law firm to collect a debt. In addition, I outlined your rights under the Fair Debt Collections Practices Act ("FDCPA"), including your right to validate the debt in question, which you could exercise within 30 days of your receipt of the Initial Communication Letter. Nothing in this letter will prevent you from exercising those rights as explained in the Initial Communication Letter.

    As a result of your breach of the above-referenced Note and Security Deed, which Security Deed is recorded at Deed Book 47597, Page 348, Gwinnett County, Georgia records, with an original indebtedness of $46,950, this law firm has been employed to take action against you and the property, if necessary. The Note and /or Security Deed provides that the lender must give certain notices to the borrower and that lender shall be entitled to collect all reasonable costs



incurred in pursuing the remedies provided. Pursuant to the terms of said Note and Security Deed, this is notice to you of the following:

1. Said Note and Security Deed were breached as a result of your failure to make payments on the Note and other possible default under the Security Deed.

2. To cure this breach, you must pay past due payments and late payments and pay to this firm attorney's fees and cost currently in the amount of Seventy-Five Thousand Seven Hundred Forty-Three and 53/100 dollars ($75,743.53).

My client has informed me that you owe a total outstanding balance of One Hundred Nineteen Thousand Four Hundred Forty-Four and 01/100ths dollars ($119, 444.01), which is good through October 11, 2023. Because of interest ($13.88 per diem), late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call the number set forth above. All funds must be in the form of a cashier's check or certified funds made payable to this firm.

3. You have **30** days from the date this notice is mailed to you to cure such breach.

4. Your failure to cure such breach on or before the above required time may result in acceleration of the total sums secured by said Security Deed and foreclosure and sale of your property, as well as other remedies available to lender.

5. This letter shall also serve as notice to your of the right to re-instate your loan after acceleration as provided for in the Security Deed and the right to bring a court action to assert the non-existence of a default or any other legal defense to acceleration and sale.

The amount of the debt is set forth above and the creditor to whom the debt is owed is CWS Investments, Inc. which is authorized to receive payment on your loan. As indicated in the Initial Communications Letter, unless you dispute the debt within thirty days after receiving this notice, this firm will assume the debt to be valid. Should you notify us in writing within the thirty-day period that the debt or any portion thereof is disputed, the firm will obtain a verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be



October 2, 2023
Page 3

mailed to you. Upon your written request within such thirty-day period, the firm will provide you with the name and address of the original creditor, if different from the current creditor.

If you have received a discharge in a Bankruptcy and this debt was not reaffirmed, this notice is not intended to indicate that you are personally liable for this debt or that we are attempting to collect a debt from you. However, notice provisions may be contained within your note and/or security instrument that require notice prior to foreclosure or such notice may be required under applicable law. In this instance the information concerning the associated debt and any action taken is limited solely to the purpose of conducting a foreclosure of the above-referenced property pursuant to state law. If you are currently under bankruptcy protection and no relief has been granted by CWS Investments, Inc., please fax your bankruptcy case information to us at (678) 236-9154 or have your attorney e-mail such information, if you are represented by counsel, including the date and jurisdiction of your bankruptcy filing, your case number, and the bankruptcy chapter number under which you have filed, to Brian.Goldberg@FMGLaw.com or contact us at the number listed above.

Please contact the undersigned to make arrangements for paying the past due amount and bringing your loan current or if you have any questions regarding the matters discussed in this letter.

BE GOVERNED ACCORDINGLY,

Very truly yours,
**FREEMAN MATHIS & GARY LLP**

CC: CWS Investments, Inc.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT; ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF THE DEBT IS IN ACTIVE BANKRUPTCY OR HAS BEEN DISCHARGED THROUGH BANKRUPTCY, THIS COMMUNICATION IS NOT INTENDED AS AND DOES NOT CONSTITUTE AN ATTEMPT TO COLLECT A DEBT.**

www.fmglaw.com



100 Galleria Parkway
Suite 1600
Atlanta, GA  30339-5948

Tel: 770.818.0000

www.fmglaw.com

Brian Goldberg

D: 678.996.9140
C: 770.354.2100

Brian.Goldberg@fmglaw.com

# EXHIBIT 6

December 4, 2023

**Via Electronic Mail (wrclaw@gmail.com)**
William R. Carlisle, Esq.
Carlisle Law Firm
4607 Cardinal Ridge Way
Flowery Branch, Georgia 30542

RE:   **Secured Creditor:**   CWS Investments, Inc.
        **Secured Property:**   2128 Main Street East, Snellville, Georgia 30078
        **Our File Number:**   18278-108343

RE:   Security Deed recorded at Deed Book 47597, Page 348 of the Georgia Deed Records of the Superior Court of Gwinnett County, said deed originally executed by Constantine Angus in favor of Mortgage Electronic Registration Systems, Inc. as Nominee of Home America Mortgage, Inc. to secure a Note in the original principal amount of $46,950.00, last assigned to CWS Investments, Inc.

Dear Mr. Carlisle,

    This letter is written in response to your November 14, 2023 letter. In said letter, you present numerous legal assertions, suggesting that CWS Investments, Inc. ("CWS") and Madison Management Services, LLC ("MMS") have violated federal and state law in relation to their October 2, 2023 debt collection letter sent to Mr. Constantine Angus. As discussed below, these assertions are without merit and do not affect the enforceability of CWS's legal rights and interests as they relate to Mr. Angus's loan agreement.

    In your letter, you take issue with CWS's demand for accrued interest on the above-referenced Note, claiming that Mr. Angus's account was "closed" and "charged off." While charged-off debt may be deemed uncollectable and treated as a loss by a creditor for accounting purposes, "charging off a debt does **not** diminish the legal right of the original creditor to collect the full amount of the debt." *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1297 (11th Cir. 2016) (emphasis added). Indeed, contrary to your assertion, charged off debt is **not** forgiven. *Id.*; *see also Hislop v. Bank of Am. Nat'l Ass'n*, Case No. 3:23cv21753-MCR-HTC, 2023 WL 7491130, at



*1 n.3 (N.D. Fla. Nov. 8, 2023). Furthermore, and especially pertinent to this matter, once a debt is charged off, the original creditor may choose to sell the debt to a third-party purchaser who then enjoys the same prerogatives as the original creditor and may attempt to collect on the debt. *Id.* at 1298. The fact that the debt here was charged off by Home America Mortgage, Inc. ("HAM") is therefore irrelevant to CWS's ability to collect thereupon.

You also call into question whether the loan and/or actions of CWS remain in compliance with the Truth in Lending Act ("TILA") and its accompanying "Regulation Z". As a threshold matter, it should be noted that Regulation Z is likely inapplicable here. As you are probably aware, Regulation Z only applies to "closed-end consumer credit transaction[s] **secured by a dwelling**." 12 C.F.R. § 1026.41(a)(1) (emphasis added). A "dwelling" is defined as "a residential structure that contains one to four units . . . if it is used **as a residence**." 12 C.F.R. § 1026.2(a)(19) (emphasis added). However, the property at issue here is not being used as a residence by Mr. Angus, and is instead being used for commercial purposes. The mere fact that the property may be residential in nature does not subject the loan on that property to the provisions of Regulation Z where the property is used for commercial purposes. *See, e.g., Steines v. Westgate Palace, LLC*, Case No. 6:22-cv-629-RBD-DAB, 2022 WL 18031492 (M.D. Fla. Dec. 14, 2022). Therefore, because the credit transaction here is not secured by a dwelling, it is ***not*** subject to Regulation Z or TILA. If Mr. Angus is using the property solely for residential purposes, we demand that you provide strict proof of the same and/or confirm the same by affidavit sworn under penalty of perjury.

Even assuming arguendo that the credit transaction here could be subject to TILA or Regulation Z, that would still not prevent CWS from collecting on the debt. As you correctly note, CWS is seeking fees and interest related to the charged-off loan—which is has the prerogative to do, *see Hinkle*, 827 F.3d at 1298. Regulation Z may require that servicers seeking interest related to charged-off loans provide periodic statements for those charged-off loans. 12 C.F.R. § 1026.41(e)(6)(i)(A). However, CWS has obtained documents showing such periodic statements **have** been provided to Mr. Angus since the inception of the loan, and that Mr. Angus was in fact **paying** based on those statements for some time even after the alleged time of the charge off. Therefore, CWS may seek the accrued interest on the charged-off debt, even if TILA and Regulation Z were to apply to the credit transaction, which again, we do not believe they do.

Based on the foregoing, your contention that CWS and MMS have somehow violated the federal Fair Debt Collection Practices Act ("FDCPA") and/or Georgia's Fair Business Practices Act ("FBPA") is wholly unfounded. Notwithstanding the fact that this firm is not a "debt collector", *see Obduskey v. McCarthy & Holthus LLP,* 139 S. Ct. 1029, 203 L. Ed. 2d 390 (2019), and even if there has been some minor failure by CWS and MMS to provide periodic statements—which is likely not even required—any such failure was done as a result of a bona fide error and in good faith, and as such does not open the door to any liability. *See* 15 U.S.C. § 1640(c), (f).



Despite the baseless nature of your legal assertions, which appear to rise to the level of "lacking substantial justification" (*see* O.C.G.A. § 9-15-14), CWS is nevertheless willing to extend a loan modification offer to Mr. Angus in relation to the Security Deed and Note.[1] Due to Mr. Angus's failure to pay the required amounts under the loan arrangement, CWS can accelerate the loan and enforce the security deed by non-judicial foreclosure as provided in the loan documents. Currently, the reinstatement amount on the loan is approximately $76,691, and the payoff value is approximately $120,214. Based on these amounts, CWS presents the following loan modification offer to Mr. Angus:

**Option #1**: a $25,000.00 down payment, with payments of $1,500/month for 96 months
**Option #2**: a $50,000.00 down payment, with payments of $1,100/month for 96 months
**Option #3**: a "short payoff" of $110,000.00

Please reach out to the undersigned with any questions regarding this offer and/or to confirm Mr. Angus's decision as to an option for the loan modification. Now, given that CWS has responded to the issues you have asserted fully and rejects your client's arguments as unfounded, CWS has the legal right to proceed to enforce its rights and interests. In the interest of good faith negotiations to the dispute, we will provide you a limited time to review the documents provided and to get back to us with your response to the loan modification offer.

Very truly yours,
**FREEMAN MATHIS & GARY, LLP**

Brian S. Goldberg

BSG/
CC:             CWS Investments, Inc.
Enclosures:     Mortgage Statements

---

[1] Contrary to your contentions, the security deed and promissory note assigned to CWS is not merely a mortgage granting a lien, but rather a duly recorded security deed granting ***title***. *See Cherokee Ins. Co. v. Gravitt*, 187 Ga. App. 179, 183 (1988); *Richey v. First Nat'l Bank of Com.*, 180 Ga. 751 (1935) (courts look to the intent of the assignment, not merely the technical language used, in determining whether the assignment passes a lien through a mortgage or title through a security deed).

# FMG LAW

# FREEMAN MATHIS & GARY, LLP
## Attorneys at Law

100 Galleria Parkway
Suite 1600
Atlanta, Ga. 30339-5948

Tel: 770.818.0000

www.fmglaw.com

**Brian S. Goldberg**
Partner

Writer's Direct Access
678-996-9140

Brian.Goldberg@fmglaw.com

January 5, 2024

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED AND FIRST CLASS MAIL**

Constantine Angus
2128 East Main Street
Snellville, GA 30078

**CERTIFIED MAIL ARTICLE #**
9589071052700721093579

## NOTICE OF FORECLOSURE SALE AND ACCELERATION OF LOAN

**Re:**    **Secured Creditor:**    CWS Investments, Inc.
        **Secured Property:**    2128 Main Street East, Snellville, GA 30078
        **Matter Number:**    18278-108343

**Re:**    Security Deed recorded at Deed Book 47597, Page 348 of the Georgia Deed Records of the Superior Court in the County of Gwinnett, said deed originally executed by Constantine Angus in favor of Mortgage Electronic Registration Systems, Inc. as Nominee for Home America Mortgage, Inc. to secure a Note in the original principal amount of $46,950.00, last assigned to CWS Investments, Inc.

Date when the property described in the Security Deed will be sold by foreclosure sale: **February 2023.**

Present Holder of said Note and Security Deed: CWS Investments, Inc.

Dear Constantine Angus:

By letter dated October 2, 2023, you were notified that this firm represents CWS Investments, Inc., which is the holder of the Promissory Note and Deed to Secure Debt executed with regard to the above-referenced Secured Property. That letter also advised you of certain rights. Nothing contained in this letter will prevent you from exercising those rights as set forth therein. By virtue of non-payment of the installments due under the Promissory Note, the Promissory Note and Deed to Secure Debt remain in default.

This letter is to advise you that pursuant to the terms of the aforesaid Promissory Note and Deed to Secure Debt, the total amount of the debt has been and is hereby accelerated and declared due and payable in full. The total amount of the debt that you owe is One Hundred Twenty-One



Thousand Six Hundred Eighty-Six & 57/100ths dollars, ($121,686.57), which is good through January 21, 2024. Demand is hereby made for payment thereof. Furthermore, the terms of your Note call for the payment of attorney's fees in addition to the debt in the case of collection by or through an attorney. Georgia Law—O.C.G.A. § 13-1-11—requires that you be allowed ten (10) days from your receipt of this letter to pay the entire amount owed without having to pay attorney's fees. After that time, the full amount of attorney's fees permitted by Georgia Law may be added to the debt. My client hereby demands payment of its attorney's fees should you fail to pay the entire amount owed within the timeframe provided hereinabove.

Because of accrued interest at the rate specified in the Promissory Note, as well as late charges, expenses, costs, attorneys' fees and other charges that may vary from day to day, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.

This letter is to further advise you that foreclosure proceedings are being instituted in the manner provided in the Promissory Note and Deed to Secure Debt for the purpose of selling the above-referenced property. Enclosed is a copy of the Notice of Sale which submitted for publication in the appropriate legal newspaper for four (4) weeks immediately preceding the foreclosure sale of the above-referenced secured property. **Please note that the sale is scheduled for the First Tuesday in February 2023 and will be held within the legal hours of sale at the Gwinnett County Courthouse.**

If you obtained the discharge of the debt described in this letter by order of a United States Bankruptcy Court, that discharge may have extinguished any personal liability you may have had for this loan. However, notice provisions may be contained within your note and security instrument that require notice prior to foreclosure, or such notice may be required under applicable law. In such event, notwithstanding anything to the contrary in this letter, any action taken would be solely limited to foreclosure on the above-referenced secured property and is not intended to be and does not constitute an attempt to collect the debt against you personally.

If you are involved in an active bankruptcy case and no relief from the automatic stay has been obtained by CWS Investments, Inc., please immediately send such bankruptcy information or have your bankruptcy counsel do so if you are represented by counsel. Include the date and jurisdiction of your bankruptcy filing, your case number, and the bankruptcy chapter number under which you have filed. You may send such information to Brian.Goldberg@FMGLaw.com or contact us at the number listed above.

If you desire to reinstate your loan and bring the payments current, please contact this office immediately and we will determine from CWS Investments, Inc. whether you will be permitted to reinstate your loan. If reinstatement of your loan is permitted, you will be required to pay all payments, late charges, costs and attorney fees which may be due at the time of reinstatement in order to cure the current default. If you reinstate your loan, payment must be made through our office in the form of certified funds or cashier's check.



CWS Investments, Inc. is the entity with authority to negotiate, amend and modify the terms of the Note and Security Deed. CWS Investments, Inc. is located at the following address and may be reached at the below number:

CWS Investments, Inc.
5242 Port Royal Road #1785
Springfield, VA 22151
866-226-5736

Please understand that CWS Investments, Inc is not required by law to negotiate, amend, or modify the terms of the mortgage instrument. Please also note that this letter is being sent to you on behalf of the CWS Investments, Inc so as to comply with the applicable Georgia statutory foreclosure law requirements.

Very truly yours,

**FREEMAN MATHIS & GARY, LLP**

Brian S. Goldberg

BSG/

Cc: CWS Investments, Inc

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT; ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF THE DEBT IS IN ACTIVE BANKRUPTCY OR HAS BEEN DISCHARGED THROUGH BANKRUPTCY, THIS COMMUNICATION IS NOT INTENDED AS AND DOES NOT CONSTITUTE AN ATTEMPT TO COLLECT A DEBT.**



## NOTICE OF SALE UNDER POWER

By virtue of the power of sale contained in a Deed to Secure Debt from Constantine Angus to Mortgage Electronic Registration Systems, Inc. as Nominee for Home America Mortgage, Inc. filed February 7, 2007 in Deed Book 47597, Page 348, Gwinnett County, Georgia records, conveying the after described property to secure a Note in the original principal amount of $46,950.00; with interest thereon as set forth therein, last transferred to CWS Investments, Inc. by Assignment filed for Record in Deed Book 60770, Page 391, Gwinnett County, Georgia, there will be sold at a public outcry to the highest bidder for cash before the Courthouse door of Gwinnett County, Georgia, between the legal hours of sale on the first Tuesday in February 2023, by CWS Investments, Inc. as Attorney-in-Fact for Constantine Angus for the following property to-wit:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 38 OF THE 5TH DISTRICT OF GWINNETT COUNTY, GEORGIA, BEING KNOWN AS LOT 2, BLOCK Z, UNIT FIVE, ABINGTON PARK SUBDIVISION, ACCORDING TO THE PLAT OF RECORD IN PLAT BOOK V, PAGE 16, GWINNETT COUNTY RECORDS, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHEASTERLY SIDE OF U.S. HIGHWAY NO. 78, 360 FEET SOUTHWESTERLY FROM THE CORNER FORMED BY THE INTERSECTION OF THE SOUTHEASTERLY SIDE OF U.S. HIGHWAY NO. 78 (60 FOOT RIGHT OF WAY) WITH THE SOUTHWESTERLY SIDE OF ABINGTON DRIVE (50 FOOT RIGHT OF WAY); SAID POINT OF BEGINNING ALSO BEING AT THE LINE DIVIDING LOTS 2 AND 3, SAID BLOCK AND SUBDIVISION; RUNNING THENCE SOUTHWESTERLY ALONG THE SOUTHEASTERLY SIDE OF U.S. HIGHWAY NO. 78, 120 FEET TO LOT 1, SAID BLOCK AND SUBDIVISION; RUNNING THENCE SOUTHEASTERLY ALONG THE NORTHEASTERLY LINE OF SAID LOT 1, 198.4 FEET TO A POINT; RUNNING THENCE NORTHEASTERLY 120 FEET TO SAID LOT 3; RUNNING THENCE NORTHWESTERLY ALONG THE SOUTHWESTERLY LINE OF SAID LOT 3, 198.8 FEET TO THE SOUTHEASTERLY SIDE OF U.S. HIGHWAY NO. 78 AND THE POINT OF BEGINNING.

LESS AND EXCEPT THE DEPARTMENT OF TRANSPORTATION RIGHT OF WAY DEED FROM FRED SIMPSON AND KATHERINE N. SIMPSON TO THE DEPARTMENT OF TRANSPORTATION DATED December 29, 1980, RECORDED ON September 2, 1981 IN DEED BOOK 2243, PAGE 55, GWINNETT COUNTY, GEORGIA RECORDS. SAID RIGHT OF WAY IS MORE PARTICULARLY DESCRIBED ACCORDING TO A PLAT OF THE



RIGHT OF WAY PREPARED BY THE DEPARTMENT OF TRANSPORTATION, DATED December 29, 1980 AND RECORDED IN PLAT BOOK 16, PAGE 150.

**The above described property is also known as 2128 Main Street East, Snellville, GA 30078;** however please rely only on the above legal description for location of the property. If the property contains multiple lots or parcels, the undersigned reserves the right to sell the property or any portion thereof in separate lots, parcels or as a whole. The indebtedness secured by said Deed to Secure Debt having been declared due and payable because of among other possible events of default, failure to pay indebtedness as and when due pursuant to said Deed to Secure Debt and Note. The debt remaining in default, this sale will be made for the purposes of paying the same and all expenses of sale, including attorney's fees, if applicable. The property will be sold as the property of PETRA REALTY, INC., subject to the following: all prior restrictive covenants, easements, rights-of-way, security deeds or other encumbrances of record; all valid zoning ordinances; matters which would be disclosed by an accurate survey of the property or by any inspection of the property; all outstanding taxes, assessments, unpaid bills, charges and expenses that are a lien against the property whether due and payable or not yet due and payable. This sale will be conducted subject to (1) confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit as to the amount and status of the loan with the holder of the Security Deed. Pursuant to O.C.G.A. Sec. 44-14-162.2, the name, address and telephone number of the individual or entity who shall have the full authority to negotiate, amend or modify all terms of the above described mortgage is as follows:

CWS Investments, Inc.
5242 Port Royal Road #1785
Springfield, VA 22151
866-226-5736



The foregoing notwithstanding, nothing in O.C.G.A. Sec. 44-14-162.2 shall be construed to require CWS Investments, Inc. to negotiate, amend or modify the terms of the Deed to Secure Debt described herein.

CWS Investments, Inc.<br>
As Attorney-in Fact for<br>
Constantine Angus

**FREEMAN MATHIS & GARY, LLP**
Brian S. Goldberg, Esq.
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT; ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF THE DEBT IS IN ACTIVE BANKRUPTCY OR HAS BEEN DISCHARGED THROUGH BANKRUPTCY, THIS COMMUNICATION IS NOT INTENDED AS AND DOES NOT CONSTITUTE AN ATTEMPT TO COLLECT A DEBT.**

Publication Dates: January 10, 17, 24, 31, 2024.



## SERVICEMEMBER CIVIL RELIEF ACT
## NOTICE

Persons who are members of the Army of the United States, the United States Navy, the Marine Corps, the Coast Guard, and all officers of the Public Health Service detailed by proper authority for duty either with the Army or the Navy have certain rights and privileges under the Servicemembers Civil Relief Act, 50 U.S.C. Sec. 501, et seq.

If you own the property being foreclosed, and you are currently, or have been within the last twelve months, a "person in the military service," as defined in 50 U.S.C. Sec. 511, the lender may be required to take additional steps before it is allowed to foreclose.

In particular, the provisions contained in 50 U.S.C. Sec. 532 are designed for the benefit of persons in the military service whose ability to comply with the terms of their mortgage obligation is materially affected by reason of their military service.

If you are currently, or have been within the last twelve months, a "person in the military service," or if you believe that you are entitled to relief under the Servicemembers Civil Relief Act, please contact the undersigned or CWS Investments, Inc. immediately.

**FREEMAN MATHIS & GARY, LLP**

cc: CWS Investments, Inc.

# FREEMAN MATHIS & GARY, LLP
## Attorneys at Law

100 Galleria Parkway
Suite 1600
Atlanta, Ga. 30339-5948

Tel: 770.818.0000

www.fmglaw.com

Brian S. Goldberg
**Partner**

Writer's Direct Access
678-996-9140

Brian.Goldberg@fmglaw.com

January 21, 2025

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED AND FIRST CLASS MAIL**

Constantine Angus
2128 East Main Street
Snellville, GA 30078

**CERTIFIED MAIL ARTICLE #**
9589 0710 5270 0999 9702 20

## NOTICE OF FORECLOSURE SALE AND ACCELERATION OF LOAN

**Re:** **Secured Creditor:** CWS Investments, Inc.
**Secured Property:** 2128 Main Street East, Snellville, GA 30078
**Matter Number:** 18278-108343

Re: Security Deed recorded at Deed Book 47597, Page 348 of the Georgia Deed Records of the Superior Court in the County of Gwinnett, said deed originally executed by Constantine Angus in favor of Mortgage Electronic Registration Systems, Inc. as Nominee for Home America Mortgage, Inc. to secure a Note in the original principal amount of $46,950.00, last assigned to CWS Investments, Inc.

Date when the property described in the Security Deed will be sold by foreclosure sale: **March 4, 2023.**

Present Holder of said Note and Security Deed: CWS Investments, Inc.

Dear Constantine Angus:

By letter dated October 2, 2023, you were notified that this firm represents CWS Investments, Inc., which is the holder of the Promissory Note and Deed to Secure Debt executed with regard to the above-referenced Secured Property. That letter also advised you of certain rights. Nothing contained in this letter will prevent you from exercising those rights as set forth therein. By virtue of non-payment of the installments due under the Promissory Note, the Promissory Note and Deed to Secure Debt remain in default.

This letter is to advise you that pursuant to the terms of the aforesaid Promissory Note and Deed to Secure Debt, the total amount of the debt has been and is hereby accelerated and declared due and payable in full. The total amount of the debt that you owe is One Hundred Fifty-Three



January 21, 2025
Page 2

Thousand One Hundred Ninety-Nine & 46/100ths dollars, ($153,199.46), which is good through February 8, 2025. Demand is hereby made for payment thereof. Furthermore, the terms of your Note call for the payment of attorney's fees in addition to the debt in the case of collection by or through an attorney. Georgia Law—O.C.G.A. § 13-1-11—requires that you be allowed ten (10) days from your receipt of this letter to pay the entire amount owed without having to pay attorney's fees. After that time, the full amount of attorney's fees permitted by Georgia Law may be added to the debt. My client hereby demands payment of its attorney's fees should you fail to pay the entire amount owed within the timeframe provided hereinabove.

Because of accrued interest at the rate specified in the Promissory Note, as well as late charges, expenses, costs, attorneys' fees and other charges that may vary from day to day, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.

This letter is to further advise you that foreclosure proceedings are being instituted in the manner provided in the Promissory Note and Deed to Secure Debt for the purpose of selling the above-referenced property. Enclosed is a copy of the Notice of Sale which submitted for publication in the appropriate legal newspaper for four (4) weeks immediately preceding the foreclosure sale of the above-referenced secured property. **Please note that the sale is scheduled for the First Tuesday in Mach 2025 and will be held within the legal hours of sale at the Gwinnett County Courthouse.**

If you obtained the discharge of the debt described in this letter by order of a United States Bankruptcy Court, that discharge may have extinguished any personal liability you may have had for this loan. However, notice provisions may be contained within your note and security instrument that require notice prior to foreclosure, or such notice may be required under applicable law. In such event, notwithstanding anything to the contrary in this letter, any action taken would be solely limited to foreclosure on the above-referenced secured property and is not intended to be and does not constitute an attempt to collect the debt against you personally.

If you are involved in an active bankruptcy case and no relief from the automatic stay has been obtained by CWS Investments, Inc., please immediately send such bankruptcy information or have your bankruptcy counsel do so if you are represented by counsel. Include the date and jurisdiction of your bankruptcy filing, your case number, and the bankruptcy chapter number under which you have filed. You may send such information to Brian.Goldberg@FMGLaw.com or contact us at the number listed above.

If you desire to reinstate your loan and bring the payments current, please contact this office immediately and we will determine from CWS Investments, Inc. whether you will be permitted to reinstate your loan. If reinstatement of your loan is permitted, you will be required to pay all payments, late charges, costs and attorney fees which may be due at the time of reinstatement in order to cure the current default. If you reinstate your loan, payment must be made through our office in the form of certified funds or cashier's check.



January 21, 2025
Page 3

      CWS Investments, Inc. is the entity with authority to negotiate, amend and modify the terms of the Note and Security Deed. CWS Investments, Inc. is located at the following address and may be reached at the below number:

CWS Investments, Inc.
5242 Port Royal Road #1785
Springfield, VA 22151
866-226-5736

      Please understand that CWS Investments, Inc is not required by law to negotiate, amend, or modify the terms of the mortgage instrument. Please also note that this letter is being sent to you on behalf of the CWS Investments, Inc so as to comply with the applicable Georgia statutory foreclosure law requirements.

                                      Very truly yours,

                                      **FREEMAN MATHIS & GARY, LLP**

                                      Brian S. Goldberg

BSG/

Cc: CWS Investments, Inc

      **THIS COMMUNICATION IS FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT; ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF THE DEBT IS IN ACTIVE BANKRUPTCY OR HAS BEEN DISCHARGED THROUGH BANKRUPTCY, THIS COMMUNICATION IS NOT INTENDED AS AND DOES NOT CONSTITUTE AN ATTEMPT TO COLLECT A DEBT.**

CA | CT | FL | GA | KY | MA | NJ | NY | PA | RI



January 21, 2025
Page 4

## NOTICE OF SALE UNDER POWER

By virtue of the power of sale contained in a Deed to Secure Debt from Constantine Angus to Mortgage Electronic Registration Systems, Inc. as Nominee for Home America Mortgage, Inc. filed February 7, 2007 in Deed Book 47597, Page 348, Gwinnett County, Georgia records, conveying the after described property to secure a Note in the original principal amount of $46,950.00; with interest thereon as set forth therein, last transferred to CWS Investments, Inc. by Assignment filed for Record in Deed Book 60770, Page 391, Gwinnett County, Georgia, there will be sold at a public outcry to the highest bidder for cash before the Courthouse door of Gwinnett County, Georgia, between the legal hours of sale on the first Tuesday in March, 2025, by CWS Investments, Inc. as Attorney-in-Fact for Constantine Angus for the following property to-wit:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 38 OF THE 5TH DISTRICT OF GWINNETT COUNTY, GEORGIA, BEING KNOWN AS LOT 2, BLOCK Z, UNIT FIVE, ABINGTON PARK SUBDIVISION, ACCORDING TO THE PLAT OF RECORD IN PLAT BOOK V, PAGE 16, GWINNETT COUNTY RECORDS, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHEASTERLY SIDE OF U.S. HIGHWAY NO. 78, 360 FEET SOUTHWESTERLY FROM THE CORNER FORMED BY THE INTERSECTION OF THE SOUTHEASTERLY SIDE OF U.S. HIGHWAY NO. 78 (60 FOOT RIGHT OF WAY) WITH THE SOUTHWESTERLY SIDE OF ABINGTON DRIVE (50 FOOT RIGHT OF WAY); SAID POINT OF BEGINNING ALSO BEING AT THE LINE DIVIDING LOTS 2 AND 3, SAID BLOCK AND SUBDIVISION; RUNNING THENCE SOUTHWESTERLY ALONG THE SOUTHEASTERLY SIDE OF U.S. HIGHWAY NO. 78, 120 FEET TO LOT 1, SAID BLOCK AND SUBDIVISION; RUNNING THENCE SOUTHEASTERLY ALONG THE NORTHEASTERLY LINE OF SAID LOT 1, 198.4 FEET TO A POINT; RUNNING THENCE NORTHEASTERLY 120 FEET TO SAID LOT 3; RUNNING THENCE NORTHWESTERLY ALONG THE SOUTHWESTERLY LINE OF SAID LOT 3, 198.8 FEET TO THE SOUTHEASTERLY SIDE OF U.S. HIGHWAY NO. 78 AND THE POINT OF BEGINNING.

LESS AND EXCEPT THE DEPARTMENT OF TRANSPORTATION RIGHT OF WAY DEED FROM FRED SIMPSON AND KATHERINE N. SIMPSON TO THE DEPARTMENT OF TRANSPORTATION DATED December 29, 1980, RECORDED ON September 2, 1981 IN DEED BOOK 2243, PAGE 55, GWINNETT COUNTY, GEORGIA RECORDS. SAID RIGHT OF WAY IS MORE PARTICULARLY DESCRIBED ACCORDING TO A PLAT OF THE



January 21, 2025
Page 5

RIGHT OF WAY PREPARED BY THE DEPARTMENT OF TRANSPORTATION, DATED December 29, 1980 AND RECORDED IN PLAT BOOK 16, PAGE 150.

**The above described property is also known as 2128 Main Street East, Snellville, GA 30078;** however please rely only on the above legal description for location of the property. If the property contains multiple lots or parcels, the undersigned reserves the right to sell the property or any portion thereof in separate lots, parcels or as a whole. The indebtedness secured by said Deed to Secure Debt having been declared due and payable because of among other possible events of default, failure to pay indebtedness as and when due pursuant to said Deed to Secure Debt and Note. The debt remaining in default, this sale will be made for the purposes of paying the same and all expenses of sale, including attorney's fees, if applicable. The property will be sold as the property of PETRA REALTY, INC., subject to the following: all prior restrictive covenants, easements, rights-of-way, security deeds or other encumbrances of record; all valid zoning ordinances; matters which would be disclosed by an accurate survey of the property or by any inspection of the property; all outstanding taxes, assessments, unpaid bills, charges and expenses that are a lien against the property whether due and payable or not yet due and payable. This sale will be conducted subject to (1) confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit as to the amount and status of the loan with the holder of the Security Deed. Pursuant to O.C.G.A. Sec. 44-14-162.2, the name, address and telephone number of the individual or entity who shall have the full authority to negotiate, amend or modify all terms of the above described mortgage is as follows:

CWS Investments, Inc.
5242 Port Royal Road #1785
Springfield, VA 22151
866-226-5736

CA | CT | FL | GA | KY | MA | NJ | NY | PA | RI



January 21, 2025
Page 6

The foregoing notwithstanding, nothing in O.C.G.A. Sec. 44-14-162.2 shall be construed to require CWS Investments, Inc. to negotiate, amend or modify the terms of the Deed to Secure Debt described herein.

CWS Investments, Inc.<br>
As Attorney-in Fact for<br>
Constantine Angus

**FREEMAN MATHIS & GARY, LLP**
Brian S. Goldberg, Esq.
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT; ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF THE DEBT IS IN ACTIVE BANKRUPTCY OR HAS BEEN DISCHARGED THROUGH BANKRUPTCY, THIS COMMUNICATION IS NOT INTENDED AS AND DOES NOT CONSTITUTE AN ATTEMPT TO COLLECT A DEBT.**

Publication Dates: February 5, 12, 19, and 26, 2025.



January 21, 2025
Page 7

## SERVICEMEMBER CIVIL RELIEF ACT
## NOTICE

Persons who are members of the Army of the United States, the United States Navy, the Marine Corps, the Coast Guard, and all officers of the Public Health Service detailed by proper authority for duty either with the Army or the Navy have certain rights and privileges under the Servicemembers Civil Relief Act, 50 U.S.C. Sec. 501, et seq.

If you own the property being foreclosed, and you are currently, or have been within the last twelve months, a "person in the military service," as defined in 50 U.S.C. Sec. 511, the lender may be required to take additional steps before it is allowed to foreclose.

In particular, the provisions contained in 50 U.S.C. Sec. 532 are designed for the benefit of persons in the military service whose ability to comply with the terms of their mortgage obligation is materially affected by reason of their military service.

If you are currently, or have been within the last twelve months, a "person in the military service," or if you believe that you are entitled to relief under the Servicemembers Civil Relief Act, please contact the undersigned or CWS Investments, Inc. immediately.

**FREEMAN MATHIS & GARY, LLP**

cc: CWS Investments, Inc.