## ALLONGE TO NOTE

TBW LOAN # 1553793

ALLONGE TO NOTE DATED: February 07, 2007

LOAN AMOUNT: $46,950.00
PROPERTY ADDRESS: 2128 East Main Street,
Snellville, GA 30078

IN FAVOR OF: Home America Mortgage, Inc.

AND EXECUTED BY: Constantine Angus

PAY TO THE ORDER OF:

WITHOUT RECOURSE:

*[signature]*

BY: Jeffery W. Cavender
TITLE: General Counsel
Taylor Bean & Whitaker Mortgage Corp

## AFFIDAVIT OF LOST NOTE

I, Jeffery W. Cavender, being duly sworn, do hereby state under oath that:

1. I, as General Counsel of Taylor, Bean & Whitaker Mortgage Corp. (the "Lender"), am authorized to make this Affidavit on behalf of the Lender.

2. The undersigned either has independent knowledge of the facts set forth in this Affidavit or has made appropriate inquiry of those individuals having knowledge of the facts set forth in this affidavit.

3. The Lender is the payee under the following described mortgage note (the "Note"):

   Date: February 07, 2007
   Loan No: 1553793
   Borrower(s): Constantine Angus
   Original Amount: Forty Six Thousand Nine Hundred Fifty Dollars and No/100 ($46,950.00)
   Rate of Interest (initial rate if ARM): 10.8750%
   Address of Mortgaged Property: 2128 East Main Street,
                                  Snellville, GA 30078

4. The original Note was misplaced, lost or destroyed. After a thorough and diligent search, the Lender has been not able to locate the original note.

5. Attached hereto is a true and correct copy of the (i) the Note, endorsed in blank by Lender, and (ii) the Mortgage or Deed of Trust which secures the Note, which Mortgage or Deed of Trust is recorded at: Gwinnett County, GA

6. This Affidavit is intended to be relied on by Taylor, Bean & Whitaker Mortgage Corp, its successors, and assigns.

   EXECUTED THIS 15th day of December, 2010 on behalf of the Lender by:

   _____
   Signature

   Jeffery W. Cavender, General Counsel

State of Florida
County of Marion

Sworn to (or affirmed) and subscribed before me on this 15th day of Dec., 2010 by Jeffery W. Cavender who is personally known to me.

_____
Notary Public

# NOTE

**February 07, 2007**
[Date]

Snellville, Georgia
[City]

**2128 East Main Street**
[Property Address]

**Snellville**
[City]

**GA**
[State]

**30078**
[Zip Code]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ **46,950.00** (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is **Home America Mortgage, Inc.**

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

### 2. INTEREST

I will pay interest at a yearly rate of **10.8750%**.

Interest will be charged on unpaid principal until the full amount of principal has been paid.

### 3. PAYMENTS

I will pay principal and interest by making payments each month of U.S. $ **442.69**

I will make my payments on the **1st** day of each month beginning on **March 01, 2007**.

I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on **February 01, 2037**, I still owe amounts under this Note, I will pay all those amounts, in full, on that date.

I will make my monthly payments at **Home America Mortgage, Inc., 101 NE 2nd Street, Ocala, FL 34470-6642**

or at a different place if required by the Note Holder.

### 4. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any of my monthly payments by the end of **15** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000%** of my overdue payment, but not less than U.S. $ **5.00** and not more than U.S. $**100.00**. I will pay this late charge only once on any late payment.

**(B) Notice From Note Holder**

If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

**(C) Default**

If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

GEORGIA SECOND MORTGAGE NOTE

ITEM T46D8L1 (0107)   *(Page 1 of 3 pages)*

GREATLAND
To Order Call: 1-800-530-9393 □ Fax 616-791-1131

*0241401553793*

**(D) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, **reasonable attorneys' fees.**

## 5. THIS NOTE SECURED BY A DEED

In addition to the protections given to the Note Holder under this Note, a Security Deed, dated **February 07, 2007**, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note.

## 6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

## 7. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 8. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

## 9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____(Seal)   _____(Seal)
Constantine Angus          -Borrower                              -Borrower

_____(Seal)   _____(Seal)
                           -Borrower                              -Borrower

_____(Seal)   _____(Seal)
                           -Borrower                              -Borrower

                                               [Sign Original Only]
                                        Without recourse, pay to the order of
Without recourse, pay to the order of
  Taylor, Bean & Whitaker Mortgage Corp.
HOME AMERICA MORTGAGE, INC.             By: Taylor, Bean & Whitaker
                                            Mortgage Corp.
  Erla Carter-Shaw
  Attorney-In-Fact                      Erla Carter-Shaw, E.V.P.

GEORGIA SECOND MORTGAGE NOTE

ITEM T4806L3 (0107)        (Page 3 of 3 pages)            GREATLAND ®
                                                To Order Call: 1-800-530-9393 □ Fax 616-791-1131

CERTIFIED TO BE A TRUE AND
EXACT COPY SENT FOR RECORDING

## BLANKET POWER OF ATTORNEY

KNOW ALL BY THESE PRESENTS: That Home America Mortgage, Inc. (the "Seller"), a FLORIDA corporation, through the duly authorized representative whose signature appears below, makes and appoints and by the Blanket Power of Attorney does make, constitute and appoint TAYLOR, BEAN & WHITAKER MORTGAGE CORP. (hereinafter referred to as "TBW"), a Florida corporation, the true and lawful attorney-in-fact for the Seller, and in all documents for the purpose of assigning and transferring to TBW any and all mortgages, deeds of trust, security instruments, and the related notes, including, but not limited to the assignments of mortgages, deeds of trust and security instruments, the note endorsements, affidavit and agreements, for any mortgage loan transaction closed and funded in the Seller's name and committed to TBW under that certain Loan Purchase Agreement between the Seller and TBW as such has been and is amended from time to time (the "Agreement"), giving and granting unto the said attorney-in-fact full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done, and to make, correct, amend, endorse, accept or deliver all agreements and instruments as fully, to all intents and purposes, as the Seller might or could do if present at the doing thereof through one of its authorized representatives, with full power of substitution and revocation. The Seller hereby ratifies and confirms all that the said attorney-in-fact shall lawfully do or cause to be done by virtue of this Blanket Power of Attorney.

The Seller may only revoke this Blanket Power of Attorney in writing and only upon the expiration of one hundred eighty (180) days from the effective date of the Agreement's termination in accordance with the Agreement's terms, and this Blanket Power of Attorney shall be deemed to be a power coupled with an interest for such purpose.

IN WITNESS WHEREOF, the undersigned has hereunto executed this document on the 19th day of February, 20 01.

Signed, sealed and delivered in the presence of:

_____
DESIREE BROWN
Witness Printed Name

_____
MELISSA LONG
Witness Printed Name

Home America Mortgage, Inc.

_____
Officer's Signature
GARY GARRETT,   PRESIDENT
Printed Officer's Name and Title

101 NE 2nd Street
Corporate Address Ocala, FL 34470-6642

State of Florida
County of Marion

On this 19th day of February, 20 01, before me, a Notary Public in and for the county and state aforesaid, personally appeared Gary Garrett, who is personally known to me to be the President of Home America Mortgage, Inc. and who executed the forgoing instrument in behalf of said corporation by authority of its bylaws or a Resolution of its Board of Directors.

My Commission Expires

[seal]

_____
Notary Public

Desiree Brown
Printed Notary's Name

MW: Power of Attorney Blanket

BK47597PG0348

FILED & RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA.

2007 FEB 22 PM 2:00

TOM LAWLER, CLERK

After Recording Return To:
**BYRNE & COUNTS**
**2138 E. MAIN STREET**
**SNELLVILLE**, GA
**30078**
R07-2641

Isne

**GEORGIA INTANGIBLE TAX PAID**
$ 141.00
TOM LAWLER
SUPERIOR COURT GWINNETT
COUNTY, GEORGIA

———————————— [Space Above This Line For Recording Data] ————————————

# SECURITY DEED
## (Secondary Lien)

**MIN: 100029500015537933**

**DEFINITIONS**

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 10, 12, 17, 19, and 20. Certain rules regarding the usage of words used in this document are also provided in Section 15.

(A) "**Security Instrument**" means this document, which is dated **February 07, 2007**, together with all Riders to this document.

(B) "**Borrower**" is **Constantine Angus**

Borrower is the grantor under this Security Instrument.

(C) "**MERS**" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(D) "**Lender**" is **Home America Mortgage, Inc.**
Lender is a **a Florida Corporation** organized and existing under
the laws of **FL**. Lender's address is
**101 NE 2nd Street, Ocala, FL 34470-6642**

(E) "**Note**" means the promissory note signed by Borrower and dated **February 07, 2007**. The Note states that Borrower owes Lender **Forty Six Thousand Nine Hundred Fifty and no/100**
Dollars (U.S. **$46,950.00**) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **February 01, 2037**.

(F) "**Property**" means the property that is described below under the heading "Transfer of Rights in the Property."

**GEORGIA SECURITY DEED**—Single Family—Secondary Lien
THE COMPLIANCE SOURCE, INC. ©                                        GREATLAND ■
ITEM T8548L1 (0304)—MERS              *(Page 1 of 11 pages)*        To Order Call: 1-800-530-9393 □ Fax: 616-791-1131


*0244701553793*

0027516

42